IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00603-RPM

CAROL WILCOX,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER FOR REVERSAL AND REMAND
_____

The application for disability insurance benefits filed by Carol Wilcox on July 18, 2005, claiming disability beginning December 31, 1997, was denied based on the decision of an Administrative Law Judge (ALJ), dated May 25, 2007.  Because the ALJ failed to comply with the regulations requiring that he re-contact the claimant's treating physician for clarification of conflicting evaluations of the limitations caused by her medical condition, the disability opinion is reversed and the application is remanded for that purpose.

Ms. Wilcox was born on October 12, 1947.  She was diagnosed with multiple sclerosis in 1986 and came under the care of Dr. Jane Burnham in 1996.  The primary treatment has been monthly injections of Avonex.

Ms. Wilcox worked as a customer order clerk for Park Foods from October, 1987, to December, 1997.  She has had no substantial gainful employment since December 31, 1997.

Dr. Burnham completed a multiple sclerosis residual functional capacity questionnaire form on February 2, 2006. (R. 240-243). The limitations identified in that report are generally consistent with the ALJ's findings that Ms. Wilcox had the residual functional capacity to perform her past relevant work which was identified as customer service representative under the Dictionary of Occupational Titles. Dr. Burnham did note, however, that her patient may miss 3-4 days occasionally after the Avonex injections.

Dr. Burnham completed another questionnaire, Medical Source Statement of Ability to do Work-Related Activities (Physical) on May 4, 2007, identified as Exhibit 9F at the ALJ's hearing. (R. 209-214). In that form Dr. Burnham identified limitations which would be inconsistent with the patient's capacity to perform her previous employment. Indeed, at the hearing, the ALJ asked the vocational expert witness to consider Exhibit 9F and he opined that because of the limited range of sedentary activity and the manipulative limitations identified, there would be no work that Ms. Wilcox could perform. (R. 391). In his decision, the ALJ accepted the February, 2006, assessment by Dr. Burnham and rejected the opinions expressed in the May, 2007, report. He did so because the claimant's insured status expired on June 30, 2005. The ALJ therefore considered the condition identified in May, 2007, as irrelevant. In his opinion, the ALJ recognized the progressive nature of MS and said that her symptoms and limitations worsened after the date last insured and noted that Dr. Burnham's increased limitations in the May, 2007, report did not indicate when the limitations shown there were first present. (R. 21).

Ms. Wilcox was examined by Dr. John S. Hughes, an independent medical examiner, on May 9, 2007. In his report, Dr. Hughes opined that Ms. Wilcox has severe degrees of physical limitation from multiple sclerosis and her symptoms imposed unpredictable absences on a probable daily basis. That opinion would support a finding of disability. The ALJ rejected it as unpersuasive and inconsistent with the treating physician's findings in the February, 2006, report.

Given these reports, the ALJ had a duty to contact Dr. Burnham, the treating physician, to resolve the conflict and ambiguity presented. Particularly, inquiry should be made whether Dr. Burnham agrees with Dr. Hughes' assessment that limitations he found on his examination in the questionnaire report form he completed, which he said were applicable since December 17, 2002, would be considered by her to be applicable to her patient's condition before June 30, 2005. Dr. Hughes' questionnaire is at R. 328-331.

The regulations requiring the ALJ to re-contact Dr. Burnham appear at 20 C.F.R. § § 404.1512(e) and 416.912(e). The failure to comply with that regulation is an error of law requiring reversal of the decision and remand for compliance. It is accordingly

ORDERED that the disability decision is reversed and this matter is remanded for further consideration.

DATED: November 27th, 2009

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge